TRINETTE G. KENT (State Bar No. 025180)
10645 North Tatum Blvd., Suite 200-192
Phoenix, AZ 85028
Telephone: (480) 247-9644
Facsimile: (480) 717-4781
E-mail: tkent@lemberglaw.com

Of Counsel to
Lemberg Law, LLC
A Connecticut Law Firm
1100 Summer Street
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile: (203) 653-3424

Attorneys for Plaintiff,
Katrina Chavez

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Katrina Chavez, | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | |
| U.S. Collections West, Inc., | **JURY TRIAL DEMANDED** |
| Defendant. | |

Plaintiff, Katrina Chavez (hereafter "Plaintiff"), by undersigned counsel, brings the following complaint against U.S. Collections West, Inc. (hereafter "Defendant") and alleges as follows:

## JURISDICTION

1. This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA").

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district and/or where Defendant transacts business in this district.

## PARTIES

4. Plaintiff is an adult individual residing in Phoenix, Arizona, and is a "person" as defined by 47 U.S.C. § 153(39).

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6. Defendant is a business entity located in Phoenix, Arizona, and is a "person" as the term is defined by 47 U.S.C. § 153(39).

7. Defendant uses instrumentalities of interstate commerce or the mails in a business the principle purpose of which is the collection of debts and/or regularly collects or attempts to collect debts owed or asserted to be owed to another, and is a "debt collector" as defined by 15 U.S.C.§ 1692a(6).

2

## **ALLEGATIONS APPLICABLE TO ALL COUNTS**

8. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

9. Plaintiff's alleged obligation arises from a transaction in which property, services or money was acquired on credit primarily for personal, family or household purposes, is a "debt" as defined by 15 U.S.C. § 1692a(5).

10. At all times mentioned herein where Defendant communicated with any person via telephone, such communication was done via Defendant's agent, representative or employee.

11. On or about July 8, 2015, Defendant contacted Plaintiff at her place of employment in an attempt to collect a debt.

12. Plaintiff demanded that Defendant cease all calls to her place of employment.

13. Defendant responded by threatening to immediately garnish Plaintiff's wages if Plaintiff failed to set up a payment plan.

14. Upon information and belief, Defendant does not have a judgment against Plaintiff and therefore misrepresented Defendant's ability to garnish Plaintiff's wages.

15. As a direct result of Defendant's threat, Plaintiff agreed to make monthly payments.

16. In negotiating the payment amount, Defendant stated that it did not have the original creditor's authority to accept Plaintiff's offer of $50.00 per month.

17. In addition, Defendant repeated its earlier threat to garnish Plaintiff's wages in order to obtain a commitment from Plaintiff to pay a higher amount.

18. In making its second threat to garnish Plaintiff's wages, Defendant misrepresented that it had the original creditor's authority to immediately begin a garnishment process against Plaintiff and stated that the only reason it had not done so already was because the printer was out of ink.

19. Fearful that her wages would be garnished, Plaintiff agreed to make monthly payments for amount that she could not afford.

20. Defendant threatened to garnish Plaintiff's wages a third time in order to secure Plaintiff's authorization to allow Defendant to electronically transfer funds directly from her account.

21. On or about July 9, 2015, Plaintiff contacted the original creditor.

22. During the ensuing conversation, the original creditor stated that once an account goes to collections, the creditor no longer manages or controls the account.

23. The original creditor's statement contradicts the statements made by Defendant.

# COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692, *et seq.*

24. Plaintiff incorporates by reference all of the above paragraphs of this complaint as though fully stated herein.

25. The FDCPA was passed in order to protect consumers from the use of abusive, deceptive and unfair debt collection practices and in order to eliminate such practices.

26. Defendant attempted to collect a debt from Plaintiff and engaged in "communications" as defined by 15 U.S.C. § 1692a(2).

27. Defendant engaged in conduct, the natural consequence of which was to harass, oppress, or abuse Plaintiff, in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

28. Defendant used false, deceptive, or misleading representations or means in connection with the collection of a debt, in violation of 15 U.S.C. § 1692e.

29. Defendant, without intending to take such action, represented and/or implied that nonpayment of the alleged debt would result in garnishment of Plaintiff's wages or attachment of Plaintiff's property, in violation of 15 U.S.C. § 1692e(4).

30. The foregoing acts and/or omissions of Defendant constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

31.     Plaintiff has been harmed and is entitled to damages as a result of Defendant's violations.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendant for:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A);

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and Cal. Civ. Code § 1788.30(c);

D. Punitive damages; and

E. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  September 10, 2015         TRINETTE G. KENT

By:   /s/   Trinette G. Kent
Trinette G. Kent, Esq.
Lemberg Law, LLC
Attorney for Plaintiff, Katrina Chavez